IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL EXCAVATING OF OHIO, LLC, | ) Case No. 1:25–CV–01034 ) ) |
| Plaintiff, | ) ) |
| v. | ) JUDGE DONALD C. NUGENT ) ) |
| BUILTECH SERVICES LLC and B33 GREAT NORTHERN II LLC, | ) ) ) |
| Defendants. | ) MEMORANDUM OPINION AND ) ORDER |

This matter is before the Court on Defendants Builtech Services LLC ("Builtech") and B33 Great Northern II LLC ("Great Northern") (collectively "Defendants") *Motion to Dismiss Counts II and III of the Complaint* pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF # 7). Plaintiff International Excavating of Ohio ("International") opposed the Motion, (ECF # 9), and Defendants subsequently filed their reply in support. (ECF # 11). After careful consideration, the Court has determined that Defendant's *Motion to Dismiss* should be GRANTED, Count II of the *Complaint* is DISMISSED with prejudice and Count III is DISMISSED without prejudice.

# Factual and Procedural Overview[1]

This case involves a dispute over a contract between a general contractor, Builtech, and its subcontractor, International, for improvements to property owned by Great Northern. Builtech and International entered into a general standing agreement on May 23, 2022. (ECF # 6-1, *Standing Agreement for Subcontract Work*, p.1 [PageID 34]). Exhibit A to the standing agreement stipulated the work to be done and the location of the project, 25975 Great Northern Plaza in North Olmsted, Ohio 44070. (ECF # 6-2, *Standing Agreement Exhibit A – Plans and Specs*, p.1 [PageID 45]). Exhibit B to the standing agreement set the payment for International's services at $110,640. (ECF # 6-2, *Standing Agreement Exhibit B – Scope of Work*, p.1 [PageID 49]).

In July 2022, the parties issued a subsequent Standing Agreement that changed the scope of work and the cost for services. (ECF 6-2, *Standing Agreement Exhibit B – Scope of Work*, p.1 [PageID 72]). Under the amended agreement, International took on additional work, and Builtech agreed to pay $191,487. (*Id.*). The relationship between the parties broke down, ultimately resulting in an email from Builtech to International on September 14, 2022, informing them that Builtech was experiencing increased expenses allegedly due to delays caused by International. (ECF # 6-3, *48 Hour Delay Notice*, p.1 [PageID 89]).

On April 14, 2025, Plaintiff International sued Builtech and Great Northern in the Cuyahoga County, Ohio Common Pleas Court. (ECF #1-2, *Complaint*, p.1 [PageID 6]). In Count I, Plaintiff sued Builtech for breach of contract for failure to pay, claiming it owes them

---

[1] The facts as stated in this Memorandum and Order are taken from the *Complaint*, (ECF # 1-2), and should not be construed as findings of this Court. In a motion to dismiss, the Court is generally obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

$178,985.90. (ECF # 1-2, *Complaint*, p.2 ¶¶10–12 [PageID 7]). In Counts II and III of the *Complaint*, Plaintiff brought unjust enrichment claims against Builtech and Great Northern, respectively. (*Id*. at p.2–3 ¶¶13–22 [PageID 7–8]). International argues that Defendants were unjustly enriched in the amount of $178,985.90 for services performed without payment. (*Id*.). Defendants now move to dismiss Counts II and III of the *Complaint*, arguing that the existence of an underlying contract precludes a claim of unjust enrichment. The Court agrees.

### Standard of Review

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the contents of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be considered. *Electronic Merchant Systems, LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level," and to "state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible "when the plaintiff pleads factual conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In evaluating a motion to dismiss under Rule 12(b)(6), the court construes factual allegations in the light most favorable to the non-moving party, accepts them as true, and draws

all reasonable inferences in their favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993).

**Analysis**

Ohio law permits a plaintiff to recover under a claim for unjust enrichment if they can satisfy the required elements, which are (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit under circumstances where it would be unjust to do so without payment. *Cook v. Ohio National Life Ins. Co.*, 961 F.3d 850, 858 (6th Cir. 2020). Although a plaintiff may appear to meet the required elements, they "may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject." *Id. See also Johnson Controls, Inc. v. Jay Indus.*, 459 F.3d 717, 730 (6th Cir. 2006) ([T]o grant relief on the basis of unjust enrichment, the court must imply a contract between the parties; however, a contract will be implied only if there is no express contract covering the same subject matter."); *and see Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009) ("Unjust enrichment . . . operates *in the absence of an express contract*." (emphasis retained)). Here, both parties agree that a contract governs their relationship, which bars a claim of unjust enrichment. Accordingly, International's unjust enrichment claim against Builtech is DISMISSED with prejudice.

International also brings an unjust enrichment claim against the owner of the property, Great Northern. Typical of an unjust enrichment claim by a subcontractor against a property owner, no contract exists between them. The lack of a contract makes unjust enrichment a

potential avenue for recovery. However, "[b]efore a subcontractor can pursue an unjust enrichment claim against a property owner, it must establish that the general contractor is unavailable for judgment and unable to pursue the owner for the money that the subcontractor is seeking. For example, an unjust enrichment claim against a property owner is not barred if the general contractor has filed for bankruptcy." *AP Alternatives, LLC v. Rosendin Elec., Inc.*, Case No. 5:18–CV–01748 2020 U.S. Dist. LEXIS 86502, at *26 (N.D. Ohio May 18, 2020) (citations omitted).

In *AP Alternatives*, the Court dismissed the subcontractor's unjust enrichment claim against the property owner because it failed to allege that the general contractor was unavailable for judgment. *Id*. at *27. The Court found that the general contractor was available for judgment because it remained a defendant in the case and there were no allegations that it filed for bankruptcy or was otherwise struggling financially. *Id*. Here, Great Northern remains a party to the suit, and Plaintiff provides no evidence indicating that the company is in financial distress. Therefore, International's unjust enrichment claim against Great Northern is DISMISSED without prejudice.

## Conclusion

For the reasons set forth above, Defendant's *Motion to Dismiss Counts II and III of the Complaint*, (ECF # 7), is GRANTED, Count II is DISMISSED with prejudice and Count III is DISMISSED without prejudice.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: August 15, 2025

– 6 –