**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL EXCAVATING OF OHIO LLC, | ) ) ) | CASE NO.  5:25 CV 1034 |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| BUILTECH SERVICES LLC, et al., | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Motion for Sanctions (Docket #25) and the

Motion for Summary Judgment (Docket #26) filed by Defendant/Counterclaim Plaintiff, Builtech

Services LLC, on January 26, 2026.

## I.    Factual and Procedural Background[1]

### A.    The Contract.

In May 2022, Builtech and Plaintiff/Counterclaim Defendant, International Excavating,

entered into a Master Service Agreement ("MSA"), pursuant to which the Parties agreed to work

on various construction projects together.  (Docket #6-1.)  In July 2022, the Parties executed two

---

[1]
      The facts as stated in this Memorandum Opinion and Order are taken from the
Parties' submissions.  Those material facts that are controverted and supported by
deposition testimony, affidavit, or other evidence are stated in the light most favorable to
the non-moving Party.

Specific Project Agreements ("SPAs"), pursuant to which International Excavating agreed to provide the labor and materials necessary to perform demolition, excavation, and utilities work associated with Landlord Improvements at 25975 Great Northern Plaza, North Olmstead, Ohio (the "Project"). (Docket #6-2.)

International Excavating's work on the Project fell behind schedule. On September 14, 2022, pursuant to Section 6 of the MSA, Builtech issued a Delay Notice to International Excavating, requesting that within 24 hours, International Excavating "provide a recovery schedule and immediately adhere to it, to recover lost time to date." (Docket #6-3.) International failed to provide a recovery schedule and eventually abandoned the Project. Builtech lists 13 instances in which International Excavating failed to complete its scope of work on the Project. (Docket #26-1 at p. 3.) Pursuant to the express terms of the MSA, Builtech completed International Excavating's work on the Project.

### B. Complaint and Counterclaim.

On April 14, 2025, International Excavating filed the instant lawsuit against Builtech and Defendant, B33 Great Northern II LLC, the property owner, in the Cuyahoga County Court of Common Pleas, Case No. CV25115717, asserting claims for Breach of Contract (Count I) and Unjust Enrichment (Counts II and III) and seeking payment for amounts past due under the Parties' Contracts. International Excavating had previously filed the same claims against Builtech in a lawsuit that was voluntarily dismissed. *International Contracting LLC v. Buildtech Services LLC*, Cuyahoga County Court of Common Pleas Case No. CV 23 975466. That case involved the same Parties (although inaccurately identified), arose from the same set of circumstances, and involved the same claims and counterclaims as in the instant matter. That case was voluntarily dismissed.

In its Complaint, International Excavating asserts that it fully performed under the terms of the MSA and the SPAs and that Builtech owes International Excavating $178,985.90. International Excavating's Complaint references two exhibits – a Specific Project Agreement and a Change Order – but neither are attached to the Complaint.

On May 20, 2025, Builtech filed a Notice of Removal with this Court.  On May 30, 2025, Builtech filed its Answer and Counterclaim, asserting a single claim for Breach of Contract against International Excavating.  As stated above, Builtech claims that during the course of the Project, International Excavating caused numerous delays; failed to submit a recovery plan to Builtech as required under the terms of the MSA; and, eventually abandoned the Project. Builtech alleges that it expended over $243,780.44 to complete International Excavating's scope of work.

On May 30, 2025, Defendants, Builtech and B33 Great Northern II LLC, filed a Motion to Dismiss Counts II and III of International Excavating's Complaint.  (Docket #7.)  On August 15, 2025, the Court granted Defendants' Motion to Dismiss, dismissing Count II with prejudice and Count III without prejudice.

The Parties' Breach of Contract claims remain pending.

### C.  Discovery.

#### 1.  Written Discovery.

On June 11, 2025, this Court issued a Case Management Conference Scheduling Order, setting a Case Management Conference for July 23, 2025 and instructing the Parties to share initial disclosures as required under the Federal Rules of Civil Procedure.  (Docket #8.)  On August 1, 2025, Builtech served its initial disclosures upon International Excavating, listing 19 categories of documents in its possession that it intended to rely upon and providing a detailed description of damages.  (Docket #25-2, Affidavit of Jean M. Terry, at Paragraph 14.)  Builtech

began sharing documents with International Excavating on December 15, 2025. (Id. at Paragraph 8.) On August 8, 2025, International Excavating served its initial disclosures upon Builtech, listing 12 categories of documents it intended to rely upon. (Id. at Paragraph 15.) International Excavating did not provide any substantive information with regard to its computation of damages. (Id.)

On September 17, 2025, Builtech served International Excavating with Requests for Admission, Requests for Production of Documents, and Interrogatories. (Id. at Paragraph 4.) Responses were due on October 17, 2025. (Id.) International Excavating did not respond. (Id. at Paragraph 4.)

On December 4, 2025, Builtech filed a Motion to Compel Discovery Responses. (Docket #20.) On December 19, 2025 – prior to the Court granting Builtech's Motion to Compel on December 30, 2025 (Docket #24) – International Excavating responded to Builtech's Interrogatories. (Docket #25-2 at Paragraph 5.) Builtech asserts that International Excavating's Answers to Interrogatories were incomplete, evasive, and non-responsive. (Id.) International Excavating did not produce any documents and did not respond to Builtech's Requests for Admission. (Id. at Paragraphs 6-7.)

International Excavating has not served written discovery requests in this case. (Id. at Paragraph 9.)

### 2. Deposition.

On September 17, 2025, Builtech requested to take the deposition of International Excavating's corporate designee and provided International Excavating with proposed areas of inquiry. (Id. at Paragraph 10.) Receiving no response, Builtech sent emails to International

Excavating on November 14, 2025 and again on December 1, 2025.  (Id.)  International

Excavating did not respond to either inquiry.  (Id.)

On December 4, 2025, Builtech filed and served a Notice of Deposition upon

International Excavating, setting the deposition of International Excavating's corporate designee

for December 18, 2025.  (Docket #19.)  On December 15, 2025, Builtech contacted International

Excavating to request confirmation that it would appear for deposition on December 18, 2025.

(Id. at Paragraph 11.)  On December 17, 2025, International Excavating requested that the

deposition be postponed and proposed dates during the week of January 5, 2026, including

January 9, 2026.  (Id.)  That same day, Counsel for Builtech, whose office is located in

Louisville, Kentucky, secured office space at a Cleveland law firm to use for the deposition and

sent a new Notice of Deposition for January 9, 2025.  (Id.)

On January 9, 2026, Counsel for Builtech traveled from Louisville to Cleveland for the

deposition.  (Id.)  International Excavating failed to attend the deposition, offering no

explanation.  (Id.)  Counsel for Builtech called International Excavating's Counsel twice –

leaving voicemails each time –  and sent emails to Counsel, but received no response.  (Id.)

International Excavating has not attempted to schedule any depositions in this case.

**D.      Builtech's Motion for Sanctions and Motion for Summary Judgment.**

On January 26, 2026, Builtech filed its Motion for Sanctions (Docket #25) and Motion

for Summary Judgment (Docket #26).

In its Motion for Sanctions, Builtech asserts that International Excavating has willfully

failed and refused to meaningfully participate in this lawsuit.  Builtech asks the Court to dismiss

International Excavating's claims with prejudice and order International Excavating to pay the

attorneys' fees and costs incurred by Builtech in defending this action.

In its Motion for Summary Judgment, Builtech argues that it properly served International excavating with Requests for Admission on September 17, 2025; that International Excavating never answered or objected to those Requests for Admission; and, therefore, that Builtech's Requests for Admission are deemed admitted. The Requests for Admission read as follows:

1. Admit the genuineness of the Waiver of Lien to Date, which is attached hereto and incorporated herein as Exhibit A.

2. Admit that David Bonamase was the Project Manager for [International Excavating] on the Project.

3. Admit that David Bonamase had authority to execute lien waivers on behalf of Int'l on the Project.

4. Admit the genuineness of the September 14, 2022 *48 Hour Delay Notice*, which is attached hereto and incorporated herein as Exhibit B.

5. Admit that on [sic] around September 14, 2022, [International Excavating] received Exhibit B via email to David Bonamase.

6. Admit that, despite receiving the 48 Hour Delay Notice on September 14, 2022, International Excavating failed and/or refused to provide a recovery schedule by September 16, 2022 and/or adhere to any recovery schedule submitted.

7. Admit the genuineness of the November 30, 2022 *Default/Back Charge Notice*, which is attached hereto and incorporated herein as Exhibit C.

8. Admit the genuineness of the November 30, 2022 email from Jake Phillips to David Bonamase, which is attached hereto and incorporated herein as Exhibit D.

9. Admit that on November 30, 2022, [International Excavating] received Exhibits C and D via email from Jake Phillips to David Bonamase.

10. Admit the genuineness of Exhibit A to [Builtech's] Counterclaim, the May 23, 2022 Master Service Agreement between BT and [International Excavating].

-6-

11.    Admit the genuineness of Exhibit B to [Builtech's] Counterclaim, the two Specific Project Agreements between [Builtech] and [International Excavating] regarding the Project.

12.    Admit that Exhibits A and B to [Builtech's] Counterclaim are the only contracts under which [International Excavating] performed services or furnished materials on the Project.

13.    Admit that [International Excavating] did not complete the scope of work provided in Exhibit B-1 to the two Specific Project Agreements, both dated July 7, 2022, and both of which were included as Exhibit B to [Builtech's] Counterclaim.

14.    Admit that International did not complete the excavation/grading for the loading dock truck ramp.

15.    Admit that [International Excavating] damaged multiple roof drains when demolishing the interior slab.

16.    Admit that [International Excavating] failed to repair the roof drains it damaged during its demolition of the interior slab.

17.    Admit that [International Excavating] failed to complete the demolition of the paving at the back of the building at the Project, including hauling off the demolished pavement.

18.    Admit that [International Excavating] failed to remove all demolished concrete and concrete pipe that it had originally demolished from the Project.

19.    Admit that [International Excavating] failed to install the 8" fire and 3" domestic water lines on the Project.

20.    Admit that [International Excavating] failed to install the storm line for the trench drain and tie it into the existing main line.

21.    Admit that on or around September 15, 2022, [International Excavating] damaged the light poles on the Project.

22.    Admit that on or around September 15, 2022, [International Excavating] damaged underground conduits and wire on the Project.

23.    Admit that on or around September 15, 2022, [International Excavating] damaged the bar joists at the front wall on the Project.

-7-

24. Admit that on or around September 15, 2022, [International Excavating] damaged the shoring tower on the Project.

25. Admit that on or around September 15, 2022, [International Excavating] damaged the planter beds on the Project.

26. Admit that on or around September 15, 2022, [International Excavating] damaged the masonry veneer on the Project.

27. Admit that [International Excavating] has never served the Exhibits referred to in its Complaint or Amended Complaint upon Builtech.

(Docket #26-2 at pp. 6-11.)

Builtech argues that by its silence, International Excavating has admitted it breached the Parties' Contracts and seeks damages totaling $243,780.44. Further, Builtech argues that International Excavating failed to fulfill its obligations under the Parties' Contracts and, therefore, that it cannot satisfy a material element of its own Breach of Contract claim.

### 1. March 13, 2026 Court Order.

International Excavating failed to file a timely response to either the Motion for Sanctions or Motion for Summary Judgment. On February 10, 2026, Builtech filed Reply Briefs (Docket #s 27 and 28), asking the Court to grant both Motions and award attorneys' fees and costs.

On March 13, 2026, the Court issued the following Order:

Given International Excavating's failure to respond to Builtech's Motion for Sanctions and Motion for Summary Judgment, International Excavating is hereby ordered to file a memorandum with supporting facts and law, on or before March 20, 2026, as to why Builtech's Motion for Summary Judgment and Builtech's Motion for Sanctions, including Builtech's request for attorneys' fees and costs, should not be granted.

(Docket #30.)

### 2. International Excavating's Response.

On April 8, 2026, 19 days beyond the court-ordered deadline, International Excavating

-8-

filed an "Opposition to Motion for Summary Judgment, Motion to Compel, Motion for Sanctions and Response to Court Order," consisting of one page of argument.  (Docket #31.)  International Excavating argues that the discovery exchanged in the Parties' dismissed 2023 lawsuit satisfies International Excavating's discovery obligations in this case.  International Excavating disputes that a date was set for deposition – referring to January 9, 2026 as a "placeholder" date – and argues that Builtech should have attempted to resolve any discovery disputes before seeking sanctions.  International Excavating argues that this is a simple construction dispute; that questions of fact regarding work performed and amounts due necessitate trial; and, that Builtech seeks to avoid a determination on the merits.  International Excavating cites no law, cites nothing in the Record, and attaches no documents.

### 3. Builtech's Reply Briefs.

Builtech filed Reply Briefs on April 14, 2026.  (Docket #s 32 and 33.)  With regard to its Motion for Sanctions, Builtech argues that International Excavating has not presented any case law or facts to excuse its conduct or cure its discovery failures in this case; has failed to produce a single document in support of its claims against Builtech; and, has provided incomplete and inadequate responses to written discovery in this case and in the previously dismissed lawsuit. Builtech notes that even after a Motion to Compel was filed, International Excavating provided incomplete, evasive and non-responsive Answers to Interrogatories and still failed to provide any documents whatsoever.  Further, Builtech asserts that Counsel's claim that he "does not show a record of having received" discovery requests in this case is contradicted by the fact that Builtech emailed him the discovery requests on September 17, 2025; followed up with an email requesting that discovery responses be provided; and, that Counsel responded to that email requesting

additional time and asking that the discovery be "resent." Finally, Builtech states that the January 9, 2026 deposition date was agreed upon by the Parties – pointing to the correspondence Counsel exchanged regarding the same – and that Counsel has offered no viable excuse to explain why it ignored a properly noticed deposition.

With regard to its Motion for Summary Judgment, Builtech argues International Excavating has failed to present any evidence in this case and that it's Opposition Brief – which contains no exhibits, no deposition testimony and no Affidavit – is insufficient to defeat summary judgment. Thus, Builtech asks the Court to grant summary judgment in its favor on its breach of contract claim against International Excavating.

## II.     Discussion.

### A.     Motion for Sanctions.

Under Fed. R. Civ. P. 37(b)(2)(A), the Court may sanction a party for failing to comply with discovery orders, including dismissing the lawsuit and/or entering default judgment against them. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The Sixth Circuit has held that dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is willful. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); accord. *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Four factors are generally considered when determining whether dismissal is the appropriate sanction for a discovery violation under Rule 37: (1) whether the party's failure to cooperate in discovery is willful; (2) whether the adversary was prejudiced by the failure to cooperated in discovery; (3) whether the dismissed party was warned that a failure to cooperate could result in dismissal; and, (4) whether less drastic sanctions were imposed or considered

prior to dismissal. *Bass*, 71 F.3d at 241; *Technology Recycling Corp. v. City of Taylor*, 186 Fed. Appx. 624, 632 (6th Cir. 2006). "Within the context of Rule 37 sanctions, 'prejudice' has been defined to include 'deprivation of information through non-cooperation with discovery'." *City of E. Cleveland v. Hill*, Case No. 1:08 CV 2309, 2009 U.S. Dist. LEXIS 148009, *4 (N.D. Ohio Oct. 30, 2009)(quoting *Technology Recycling*, 186 Fed. Appx. at 636). Defendants need not prove irremediable harm. *Id.*

International Excavating's failure to comply with its discovery obligations in this case was willful and thwarted Builtech's ability to litigate this action, causing unnecessary delay and expense. International Excavating provided incomplete responses to Builtech's Interrogatories; failed to respond to Builtech's Requests for Admission; failed to produce any documents in response to Builtech's Requests for Production of Documents; failed to respond to Builtech's Requests for Admission and Requests for Production of Documents even after Builtech filed a Motion to Compel responses that was granted by the Court; and, failed to appear for a properly noticed and scheduled deposition on a date that it had suggested.

International Excavating had yet another chance to explain its lack of cooperation and participation after this Court ordered it to respond to Builtech's Motion for Sanctions and Motion for Summary Judgment. In its Opposition Brief, filed well beyond the deadline, International Excavating urged the Court to excuse its noncompliance with discovery because of the previously filed and dismissed lawsuit, stating, "Discovery existed in the first matter, which is and has been in the possession of Defendant. The new discovery requests appear to mirror information already in both parties' possession." Discovery in the previously dismissed action does not satisfy International Excavating's discovery obligations in this case. Further, it is

-11-

important to note that Builtech was also forced to file a Motion to Compel Discovery in the first lawsuit and states that it received incomplete responses from International Excavating in that case as well.[2] Thus, this is the second time that International Excavating has filed a lawsuit against Builtech and the second time that Builtech has had to beg International Excavating to participate in the discovery process.

This case was filed by International Excavating on May 20, 2025. Almost a year has passed. This case has been set for trial twice and yet, as set forth above, Builtech has been unable to obtain any meaningful discovery from International Excavating. The Court granted Builtech's Motion to Compel on December 30, 2025, notably without objection. In that Motion to Compel, Builtech certified that it had, in good faith, made multiple attempts to obtain discovery. In its March 13, 2026 Order, the Court warned International Excavating that its case was subject to dismissal if it did not respond to Builtech's Motion for Sanctions, which included its request that International Excavating's remaining claim against Builtech for Breach of Contract be dismissed. As stated above, International Excavating responded beyond the deadline, citing no case law, offering no evidence, attaching no documentation, and offering

---

[2]

In International Excavating's earlier, voluntarily dismissed case, Builtech served Requests for Admission, Interrogatories and Requests for Production of Documents on International Contracting LLC. When International Contracting LLC failed to respond, Builtech filed a Motion to Compel and the Court allowed International Contracting LLC to provide discovery responses beyond the deadline. Builtech states that International Contracting LLC's discovery responses were incomplete and that it never received the exhibits to the Complaint (which International Excavating has also failed to provide in the instant action). Builtech states that it eventually discovered that it had never contracted with International Contracting LLC, but had actually contracted with International Excavating. As a result, the Parties stipulated to a dismissal of that lawsuit. Mr. Christie served as Counsel in both cases.

-12-

excuses for the failure to meaningfully participate in discovery that are inconsistent with the facts presented to the Court.

For the foregoing reasons, Builtech's Motion for Sanctions is GRANTED. International Excavating's Complaint is hereby DISMISSED WITH PREJUDICE. As permitted under Fed. R. Civ. P. 37 and required under the Parties' Contracts, Builtech is hereby awarded attorneys' fees and costs associated with compelling discovery responses from International Excavating and International Excavating's failure to appear at deposition.[3]

### B.      Motion for Summary Judgment.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

---

[3]       "Subcontractor agrees to reimburse Contractor for the Contractor's reasonable attorneys' fees and other costs related to the defense or prosecution of any litigation in the event that Contractor prevails on any issue therein." (Docket #6-1 at p. 10.)

475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Mich. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995). Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it

-14-

weigh material evidence to determine the truth of the matter. *Id.* at 249.  The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### 1.     Requests for Admission.

Federal Rule of Civil Procedure 36 permits a party to serve on another party a written request to admit the truth of any matters relating to facts, the application of law to fact, or opinions about either, and the genuineness of any documents. Fed. R. Civ. P. 36(a)(1).  The party receiving a request for admission must respond within 30 days.  Fed. R. Civ. P. 36(a)(3).  If the party does not respond in time, the answer is deemed admitted for the purposes of that lawsuit only.  Fed. R. Civ. P. 36(a)(3) and 36(b).

On September 17, 2025, Builtech served International Excavating with Requests for Admission.  International Excavating did not respond.  Builtech filed a Motion to Compel Discovery on December 4, 2025, which encompassed the Requests for Admission and was granted by the Court. While International Excavating provided a limited response to Builtech's Interrogatories, it did not respond to Builtech's Requests for Production of Documents and did not respond to Builtech's Requests for Admission.

Then, after receiving no response from International Excavating to Builtech's Motion for

Summary Judgment and Motion for Sanctions – which specifically reference International Excavating's failure to adequately respond to discovery in this case including the complete failure to respond to Builtech's Requests for Admission and Requests for Production of Documents – the Court ordered International Excavating to show cause why Builtech's Motions should not be granted. When International Excavating eventually filed a response to the Court's Order, well beyond the deadline set forth therein, International Excavating did not even mention the Requests for Admission, instead arguing that discovery from a previously filed and dismissed lawsuit satisfies its discovery obligations in this case. It does not.

Builtech's Requests for Admission are DEEMED ADMITTED.

### 2. Builtech's Breach of Contract Claim.

To establish a claim for breach of contract, a plaintiff must prove (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach. *In re FifthThird Early Access Cash Advance Litig.*, 925 F.3d 265, 275 (6th Cir. Ohio 2019.)

International Excavating admits that it breached the Master Service Agreement and the two Specific Project Agreements executed by the Parties. Specifically, International Excavating admits to failing and/or refusing to provide a recovery schedule as required under the terms of the Master Service Agreement (Request for Admission 6) and failing to complete the scope of work provided in Exhibit B-1 to the two Specific Project Agreements dated July 7, 2022 (Request for Admission 13). Further, International Excavating admits that it did not complete various aspects of the Project (Requests for Admission 14, 17, 18, 19, and 20); damaged multiple parts of the Project (Requests for Admission 15, 21, 22, 23, 24, 25 and 26); and, failed to repair the parts of

the Project it damaged (Request for Admission 16). Accordingly, Builtech is entitled to summary judgment as to its claim for Breach of Contract against International Excavating.

Builtech states that in repairing and completing International Excavating's work on the Project, it incurred damages in the amount of $243,780.44. The Court requires additional, detailed documentation and calculation supporting Builtech's damages.[4]

Further, in addition to the attorneys' fees and costs incurred by Builtech in compelling discovery responses from International Excavating and International Excavating's failure to appear at deposition, Builtech is entitled to recover the attorneys' fees and costs incurred in its effort to enforce the Parties' Contracts, which are recoverable under the express terms of the Parties' Master Service Agreement.[5]

## III. Conclusion.

For the foregoing reasons, the Motion for Sanctions (Docket #25) and the Motion for Summary Judgment (Docket #26) filed by Defendant/Counterclaim Plaintiff, Builtech Services LLC, are hereby GRANTED.

International Excavating's Breach of Contract Claim is hereby DISMISSED WITH PREJUDICE.

---

[4]

It is worth emphasizing that while the Court ultimately dismissed International Excavating's Breach of Contract claim as a sanction for its willful failure to participate in discovery in this case, Builtech has in fact accounted for the balance it admits it owed International Excavating prior to the breakdown of the contractual relationship between the Parties.

[5]

"Subcontractor agrees to reimburse Contractor for the Contractor's reasonable attorneys' fees and other costs related to the defense or prosecution of any litigation in the event that Contractor prevails on any issue therein." (Docket #6-1 at p. 10.)

Builtech is ordered to submit a brief on or before June 17, 2026:

(1)      Providing documentation and calculations which support Builtech's request for damages incurred in repairing and completing International Excavating's work, and

(2)      Providing documentation and calculations regarding the attorneys' fees and costs incurred by Builtech in the prosecution and defense of this litigation, to include the attorneys' fees and costs associated with compelling discovery responses from International Excavating and International Excavating's failure to appear at deposition.

International Excavating shall have until July 2, 2026 to respond.

No extensions will be given.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _May 15, 2026_

-18-